# STROOCK

September 25, 2019

James L. Bernard
Direct Dial: 212.806.5684
Fax: 212.806.6006
jbernard@stroock.com

The Honorable Loretta A. Preska
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007

Re:   *In re: 650 Fifth Avenue and Related Properties*, 08-civ-10934 and Related Cases

Dear Judge Preska:

Pursuant to the Court's Order dated September 17, 2019, the parties (the Judgment Creditor Plaintiffs and the Defendants in the Turnover Action (defined below)) have conferred and submit the following to respond to the Court's Order concerning how the parties intend to proceed. Counsel for Defendants has reviewed this letter and approved us sending it as a joint submission.

Broadly speaking, the actions before the Court in these matters consist of two types of proceedings: (1) actions by judgment creditors of Iran to obtain turnover of the Defendants' properties to satisfy those judgments (the "Turnover Actions") and (2) a forfeiture action by the U.S. Government to obtain forfeiture of Defendants' properties and properties held in the name of Assa Corporation or Assa Co. Ltd. (together, "Assa") (the "Forfeiture Action"). Although there was at one time the possibility of disputes arising between the judgment creditors on the one hand, and the Government on the other, given that both groups were seeking to obtain Defendants' and Assa's properties, the judgment creditors and the Government settled those issues in two settlement agreements, which were so ordered by the Court (Exhibit A) (we note that the Levin judgment creditors, addressed infra, are not party to these settlement agreements).

Defendants are the Alavi Foundation ("Alavi"), a New York not-for-profit corporation, and the 650 Fifth Avenue Company (the "Fifth Ave. Company"), a New York partnership having Alavi (60% owner) and Assa Corporation (40% owner), a New York corporation, as the partners. Assa Corporation, as well as its parent company, Assa Co. Ltd., were defendants in the Turnover Actions, but the Court granted summary judgment to the judgment creditors against Assa and that decision recently was affirmed on appeal. Assa is also a claimant in the Forfeiture Action, and its claims in the Forfeiture Action remain alive after the most recent appeal.

The Honorable Loretta A. Preska
United States District Judge

As addressed further below, the Turnover Actions were previously partially consolidated with the Forfeiture Action for discovery and trial purposes.  We therefore propose that the Court await the Second Circuit's issuance of the mandate in the Government's forfeiture appeal, which we anticipate will be issued on or about September 30, and schedule a status conference at that time to address the matters set forth herein and to establish a schedule for going forward.  In the meantime, the parties and the Government have been discussing next steps and we anticipate being able to provide the Court with a more detailed plan prior to that conference.

Prior to the most recent round of decisions in the Second Circuit, after a series of discovery orders and summary judgment decisions in 2013 and 2014 in both the Turnover and Forfeiture Actions, Alavi and the Fifth Ave. Company appealed to the Second Circuit.  The judgments and the summary judgment decisions were vacated, and the cases were remanded.  Ultimately, the Turnover Actions and the Forfeiture Action were tried in 2017.  The Turnover Actions were tried to the bench, while the Forfeiture Action was tried to a jury.  The trials resulted in the Court awarding turnover of Defendants' properties to the judgment creditors and a jury awarding partial forfeiture of those properties to the Government (the "Trial Verdicts").

When the judgments became final, Alavi and the Fifth Ave. Company appealed the Trial Verdicts.  At the same time, Assa appealed the District Court's prior grant of summary judgment in both the Turnover and Forfeiture Actions.  The Second Circuit vacated the Trial Verdicts, vacated in part the grant of summary judgment in the Forfeiture Action against Assa, and remanded all three cases for further proceedings.  The Second Circuit affirmed the District Court's grant of summary judgment against Assa in the Turnover Action.

The mandates from the Second Circuit in the Turnover Action issued on August 30, 2019.  The mandates have not yet issued in the Forfeiture Action, but should issue on or around September 30, 2019.  To date, there has been no indication that any party in either action intends to seek certiorari in the U.S. Supreme Court, but the deadline for doing so—November 7, 2019—has not passed.  A petition for a writ of certiorari would not necessarily result in a stay of the mandate. *See* Fed. R. App. P. 41(d).

In the past, the parties in the Turnover Actions and the Forfeiture Action largely have coordinated their discovery activities.  After conferring with the Government, the parties would like to continue to try to coordinate with respect to discovery.  Specifically, in light of the Second Circuit decisions in the Turnover and Forfeiture Actions against Alavi and the Fifth Ave. Company, the judgment creditors and the Government will be seeking the depositions of the two witnesses identified by Defendants—Ali Dabiran and Hassan Hassani—who previously invoked their Fifth Amendment privileges against self-incrimination but who have indicated that they are now prepared to testify, as well as other discovery.  Alavi and the Fifth Ave. Company will also be seeking discovery from the Government relating to their statute of limitations defense.  In light of the Second Circuit's decision in the Forfeiture Action, there will be additional proceedings (including a suppression hearing) and other discovery in the Forfeiture Action as well, but the parties to that action will separately inform the Court about those matters.

The Honorable Loretta A. Preska
United States District Judge

Once the mandate issues in the Forfeiture Action, the parties will be in a better position to coordinate in both the Turnover and Forfeiture Actions to develop a plan to proceed expeditiously with respect to all outstanding issues and, we respectfully submit, that a conference with the Court at that time would be most productive to establish a schedule for moving these cases forward.

Finally, we note that on September 17, 2019, Your Honor issued an Order in <u>Levin, et al. v. 650 Fifth Avenue Company, et al.</u>, docket no. 17-cv-959 (LAP) (doc. number 168), consolidating that matter with certain other matters which are the subject of this letter. There is a dispute between the plaintiffs in <u>Levin</u> and these other matters regarding whether consolidation is appropriate, and a prior history regarding that dispute, but we understand that the Levins will be addressing this issue in a letter to the Court, to which we will promptly respond.

Respectfully submitted,

/s/ James L. Bernard

James L. Bernard